UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAMON QUARLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00465-JRS-DLP |
| ) | |
| INDIANA PAROLE BOARD, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for Writ of Habeas Corpus
and Denying a Certificate of Appealability**

**I.**

On September 8, 2020, the petitioner Damon Quarles filed a petition for writ of habeas corpus challenging his parole revocation in Marion County, Indiana, in case number 49G03-1812-MC-044553. Dkt. 1. The Court could locate no information on the Indiana state court's online docket system for this case number and noted that the Indiana Department of Correction website indicated that Mr. Quarles is currently incarcerated in case number 49G02-1112-FB-088677. In any event, the petition indicated that Mr. Quarles had not challenged his parole revocation in state court, so the Court ordered him to show cause why his petition should not be dismissed for failure to exhaust state court remedies including a petition for post-conviction relief. Dkt. 3.

On September 28, 2020, Mr. Quarles responded by filing an amended petition, this time challenging his parole revocation in Marion County, Indiana, in case number 49G16-1812-F6-044782. Dkt. 6. He indicates that he has done everything the parole board instructed him to do and that the case was dismissed, but he remains incarcerated on a parole revocation. He also indicates that he has not appealed his parole revocation to the highest state court. A review of the documents attached to Mr. Quarles' petitions and online state court dockets in case number 49G16-1812-F6-

044782 and case number 49G02-1112-FB-088677 reveals that Mr. Quarles was involved in an incident on December 18, 2018, that led to charges in case number 49G16-1812-F6-044782 and parole revocation proceedings in case number 49G02-1112-FB-088677. Although the new charges in case number 49G16-1812-F6-044782 were later dismissed, Mr. Quarles' parole in case number 49G02-1112-FB-088677 was revoked based on parole violations that occurred on December 18, 2018.

In sum, Mr. Quarles seeks to challenge a parole revocation in Indiana case number 49G16-1812-F6-044782, but he is not in custody pursuant to a parole revocation in that case. In fact, he was never convicted in that case. Therefore, his petition must be **dismissed for lack of jurisdiction** because Mr. Quarles is not in custody pursuant to the conviction he is challenging. 28 U.S.C. § 2254(a).

Should Mr. Quarles seek to challenge his parole revocation in case number 49G02-1112-FB-088677, the Court reminds him that he must exhaust state court remedies before seeking relief in habeas corpus in this Court. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). This includes pursuing state post-conviction relief through Indiana's Post-Conviction Rule 1(1)(a)(5).

Judgment consistent with this Order shall now issue.

## II.

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree that this Court lacks jurisdiction because the petitioner was never convicted in, and is therefore not in custody pursuant to, the state case his petition challenges and nothing about the claim deserves encouragement to proceed further. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Date:  11/13/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAMON QUARLES
985396
PUTNAMVILLE – CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135